UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TANIELIAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. GUERRERO,<br><br>　　　　　Defendant. | Case No.: 1:23-cv-01384-KES-CDB<br><br>**FINDINGS AND RECOMMENDATIONS FOLLOWING SCREENING OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff William Tanielian is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.　BACKGROUND**

On December 12, 2023, the formerly assigned magistrate judge issued a screening order. (Doc. 10.) Plaintiff was directed to complete and return a Notice on How to Proceed form within 14 days and was advised that if he chose to file a first amended complaint, he must do so no later than January 11, 2024. (*Id.* at 10.)

On December 26, 2023, Plaintiff filed both the notice (Doc. 11) and a first amended complaint (Doc. 12).

On October 6, 2025, this action was reassigned to the undersigned as the referred magistrate judge. (Doc. 14.)

//

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal

2

quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### IV.   DISCUSSION

#### A. Plaintiff's First Amended Complaint

Plaintiff's complaint is comprised of a form complaint (Doc. 12 at 1-5), a separate, typed "Civil Rights Complaint" (*id*. at 6-12) and numerous exhibits (*id*. at 13-42). Plaintiff names J. Guerrero, a correctional officer at California State Prison, Corcoran (CSP-COR), as the sole defendant in this action. (*Id*. at 1-2, 7.) He seeks compensatory damages totaling $125,000, punitive damages, a jury trial, costs of litigation and attorney's fees,[1] and any other relief deemed just and proper. (*Id*. at 11-12.)

#### B. The Factual Allegations

Plaintiff alleges he was working as a dishwasher in the 3B yard dining hall at CSP-COR on December 21, 2022. (Doc. 12 at 7.) Plaintiff contends he takes medication in the morning "that

---

[1] Plaintiff, who is proceeding pro se, is not entitled to attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

3

1  requires him to leave his assigned job to receive his medication" at the yard's medical clinic. (*Id*.)
2  On that date, just after 7 a.m., Plaintiff sought permission from the assigned supervisor,
3  Defendant Guerrero, to retrieve his medication "at the 3B clinic window." (*Id*. at 7-8.) Plaintiff
4  alleges Guerrero became agitated, threatening and intimidating Plaintiff by slamming his hand on
5  the desk and yelling loudly "at Plaintiff, 'shut the hell up!'" (*Id*. at 8.)

6  On January 23, 2023, Plaintiff filed a grievance against Defendant Guerrero for staff
7  misconduct. (Doc. 12 at 8.) Plaintiff contends the grievance "was classified as Staff Misconduct:
8  Substandard Performance.'" (*Id*.) It was referred to an outside agency for review and Plaintiff
9  asserts he exhausted his related administrative remedies on January 31, 2023. (*Id*.) Next, Plaintiff
10 alleges he received a memorandum on April 19, 2023, from the CSP-COR warden indicating the
11 grievance had been sustained. (*Id*.)

12 Next, Plaintiff asserts that just weeks after filing the grievance, on February 5, 2023,
13 Defendant Guerrero singled him out for being disruptive for advising other inmates about
14 "dumping food in the drain of Plaintiff's station." (Doc. 12 at 8.) That same date, Guerrero issued
15 Plaintiff a rules violation report (RVR) for disruptive behavior; Guerrero did not issue an RVR to
16 "the other inmates involved in the dispute." (*Id*.) Plaintiff contends Guerrero's issuance of the
17 RVR to him was retaliatory. (*Id*.)

18 On March 10, 2023, during the RVR hearing, Plaintiff stated: "'I was still [upset] after
19 speaking with the inmates in the dining hall about dumping food in the sink.'" (Doc. 12 at 9.)
20 Plaintiff contends the senior hearing officer, A. Fernandez,[2] construed Plaintiff's comment to be a
21 guilty plea, and in doing so, attempted "to negate Plaintiff's claim of retaliation"[3] by Guerrero.
22 (*Id*.) He maintains it created the "appearance of a 'Legitimate Correctional Goal'" as concerns the
23 issuance of the RVR. (*Id*.)

24 Plaintiff alleges he "has been and still is deathly afraid of the actions and retaliation by"
25 Defendant Guerrero, who "has continuously instigated and incited other 3B Dining Hall worker

---

[2] This individual is not named as a defendant in the action.

[3] The exhibits attached reveal Plaintiff filed two grievances against Guerrero: the first concerning the events on December 21, 2022 (Doc. 12. at 16-17), and the second concerning Guerrero's later retaliatory RVR (*id*. at 25-27).

4

inmates to harass and badger Plaintiff." (Doc. 12 at 9.) Plaintiff contends he has suffered emotional distress in the form of weight loss, headaches, vomiting, "and psychological pains and anguish" because of Guerro's actions. (*Id.* at 9, 10.)

### C. Plaintiff's Claims[4]

#### *First Amendment: Retaliation*

Prisoners have a First Amendment right to file prison grievances and lawsuits and retaliation against prisoners for exercising this right is a constitutional violation. *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005). A claim for First Amendment retaliation in the prison context requires: (1) that a state actor took some adverse action against the plaintiff (2) because of (3) the plaintiff's protected conduct, and that such action (4) chilled the plaintiff's exercise of his First Amendment rights, and (5) "the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68. To prove the second element, retaliatory motive, plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. *Brodheim v. Cry*, 584 F.3d 1262, 1269, 1271 (9th Cir. 2009). Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. *See McCollum v. CDCR*, 647 F.3d 870, 882–83 (9th Cir. 2011); accord, *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) evidence that defendant's reasons for the challenged action were false or pretextual. *McCollum*, 647 F.3d at 882.

Liberally construing the first amended complaint and accepting all facts as true at screening, Plaintiff states a plausible First Amendment retaliation claim against Defendant Guerrero. He contends Guerrero issued a RVR to Plaintiff shortly after Plaintiff filed a grievance against Guerrero following an earlier incident. Plaintiff alleges he fears Guerrero's retaliatory

---

[4] In the form complaint, Plaintiff identified Claim 1 as "1st Amendment Violation: Retaliation & Tom Bane Civil Rights Act Violation: Threats/Coercion in Retaliation." (Doc. 12 at 3.) In the separate typed complaint, Plaintiff presents an otherwise untitled "Claim 1" (*id*. at 8-9) and a section entitled "Legal Claims" (*id*. at 9-10).

5

1  behavior and his continued efforts to incite other inmates to harass Plaintiff. Plaintiff further
2  alleges Guerrero's issuance of the RVR did not advance any legitimate penological goal,
3  particularly where Guerrero issued the RVR only to Plaintiff following a dispute involving other
4  inmates. *Rhodes*, 408 F.3d at 567-68; *McCollum*, 647 F.3d at 882.

### *California's Bane Civil Rights Act/Government Claims Act*

The Tom Bane Civil Rights Act is a state statute which protects individuals from threats, intimidation, coercion or related attempts to do so while exercising their rights under the Constitution. *See* Cal. Civ. Code § 52.1(b)-(c); *Venegas v. Cnty. of Los Angeles*, 32 Cal.4th 820, 843 (2004); *see Hughes v. Rodriguez*, 31 F.4th 1211, 1218 n.1 (9th Cir. 2022) (citation omitted) (stating Bane Act created cause of action for interference or attempted interference by threat, intimidation, or coercion with exercise or enjoyment of rights under Constitution); *Monzon v. City of Murrieta*, 978 F.3d 1150, 1165 (9th Cir. 2020) (affirming dismissal of Bane Act claims for lack of proof that officers either interfered or attempted to interfere with any constitutional rights using threats, intimidation, or coercion).

"To state a claim under the Bane Act, a plaintiff must allege '(1) interference with or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation, or coercion.'" *Guillen v. Carrillo*, No. 1:19-cv-00946 DAD HBK, 2022 WL 902883, at *8 (E.D. Cal. Mar. 28, 2022) (quoting *Lull v. Cnty. of Sacramento*, No. 2:17-cv-1211- TLN EFB (PS), 2019 WL 1014592, at *7 (E.D. Cal. Mar. 4, 2019)). A defendant's mere negligent conduct cannot support a claimed violation of the Bane Act. *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 958 (2012) (stating legislature meant for statute to address interference with constitutional rights involving more egregious conduct than mere negligence).

And, under California law, in order to state a tort claim against a public entity or public employee under state law, a plaintiff must allege compliance with the presentment of claims requirements of the California Government Claims Act. *See* Cal. Gov't Code §§ 945.4, 950.2; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988); *Fisher v. Pickens*, 225 Cal. App. 3d 708, 718 (1990).

6

The Act's claims presentation requirements apply to state prisoners. Cal. Gov't Code § 945.6(c). "Before a civil action may be brought against a public entity [or public employee], a claim must first be presented to the public entity and rejected." *Ocean Servs. Corp. v. Ventura Port Dist.*, 15 Cal. App. 4th 1762, 1775 (1993); Cal. Gov't Code § 945.4 (generally barring suit "until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board"). Claims for "injury to person or to personal property" must be presented within six months after accrual. *See* Cal. Gov't Code § 911.2(a); *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007). A claimant who misses the six-month limitations deadline may file a written application with the public entity for leave to present the late claim within one year of the date of accrual of the cause of action, stating the reason for the delay. Cal. Gov't Code § 911.4. The claimant has six months after a denial of the application to file a petition in the Superior Court for an order relieving the claimant of section 945.4. Cal. Gov't Code § 946.6.

In his first amended complaint, Plaintiff contends he timely complied with the requirements of the California Government Claims Act and attached a copy of his government claim form dated May 11, 2023. The form references "retaliation" and "infliction of emotional distress w/injury." Liberally construing the first amended complaint, Plaintiff plausibly alleges a violation of the Bane Act by asserting Defendant Guerrero interfered with his Constitutional right to file a grievance, retaliating against Plaintiff by issuing a RVR to Plaintiff only following a dispute involving several inmates and that Guerrero's interference was accomplished by threats, intimidation or coercion. *Hughes*, 31 F.4th at 1218 n.1; *Guillen*, 2022 WL 902883, at *8.

Intentional Infliction of Emotional Distress

Plaintiff also contends Guerrero's retaliatory conduct "was an Intentional Infliction of Emotional Distress causing injury…." (Doc. 12 at 10.) Although not appearing as a separate state law claim in Plaintiff's first amended complaint, out of an abundance of caution, the Court considers a state law intentional infliction of emotional distress (IIED) claim here.

To state a claim for intentional infliction of emotional distress under California law, a plaintiff must allege "(1) extreme and outrageous conduct by the defendant with the intention of

1  causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's
2  suffering severe or extreme emotional distress; and (3) actual and proximate causation of the
3  emotional distress by the defendant's outrageous conduct." *Lawler v. Montblanc N. Am., LLC*,
4  704 F.3d 1235, 1245 (9th Cir. 2013) (quoting *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009)). The
5  conduct must be "so extreme and outrageous as to go beyond all possible [bounds] of decency,
6  and to be regarded as atrocious, and utterly intolerable in a civilized community." *Butler v.
7  Rueter*, No. 2:22-cv-01301 KJN P, 2023 WL 1991591, at *6 (E.D. Cal. Feb. 14, 2023) (quoting
8  *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1607 (2009)).

9  Liberally construing the first amended complaint and accepting its facts as true, Plaintiff
10 fails to state an IIED claim. The Court finds the conduct attributed to Defendant Guerrero is
11 neither extreme nor outrageous. Rather, Guerrero telling Plaintiff to "'shut the hell up'" on one
12 occasion and his later issuance of a RVR on another occasion are more akin to insults, indignities,
13 threats, annoyances, petty oppressions or trivialities. *Hughes*, 46 Cal.4th at 1051 ("Liability for
14 intentional infliction of emotional distress does not extend to mere insults, indignities, threats,
15 annoyances, petty oppressions, or other trivialities"); *see Schneider v. TRW, Inc.*, 938 F.2d 986,
16 992 (9th Cir. 1991) (where supervisor "screamed and yelled in the process of criticizing
17 [plaintiff's] performance, threatened to throw her out of the department and made gestures she
18 interpreted as threatening," conduct was merely rude and insensitive and could not support IIED
19 claim); *Gibson v. Dzurenda*, No. 3:18-cv-00190-MMD-WGC, 2020 WL 8611152, at *6 (D. Nev.
20 Aug. 28, 2020) (permitting plaintiff to proceed on First Amendment claim that correctional
21 officer improperly opened his legal mail outside of his presence, which resulted in a leak of
22 Plaintiff's confidential PREA report and subjected Plaintiff to be a target for retaliatory assault,
23 but dismissing related IIED claim for lack of extreme and outrageous conduct), R&R adopted,
24 2020 WL 8611118 (Oct. 20, 2020).[5]

---

[5] Compare *Morse v. Cnty. of Merced*, No. 1:16-cv-00142-DAD-SKO, 2016 WL 3254034, at *13 (E.D. Cal. June 13, 2016) (denying defendant's motion to dismiss and stating: "Here, the conduct alleged by plaintiff in his complaint goes far beyond "mere insults" or indignities. Taking those allegations as true, the individual defendants knowingly misrepresented information in order to arrest him and charge him with murder, apparently in order to exact political retribution against plaintiff's father, a local politician who had been critical of the Sherriff's Department. A jury could certainly find this behavior was extreme and outrageous and beyond the bounds of decency").

### D. Screening Summary

The Court finds Plaintiff states a plausible First Amendment retaliation claim, as well as a plausible Bane Act violation, against Defendant Guerrero. However, to the extent Plaintiff intended to assert an IIED claim against Guerrero, he fails to state such a claim. The undersigned will recommend this action proceed on Plaintiff's First Amendment retaliation and Bane Act violation claims, and that any other claims be dismissed.

### V. CONCLUSION AND RECOMMENDATIONS

For the reasons given above, this Court **HEREBY RECOMMENDS** that:

1. This action **PROCEED** on Plaintiff's First Amendment retaliation and Bane Act claims against Defendant Guerrero; and

2. Any other claims asserted in Plaintiff's first amended complaint be **DISMISSED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 26, 2025**

UNITED STATES MAGISTRATE JUDGE