UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TANIELIAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. GUERRERO,<br><br>　　　　　Defendant. | Case No.: 1:23-cv-01384-KES-CDB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY DEADLINE FOR RESPONSIVE PLEADING**<br><br>(Doc. 23)<br><br>**ORDER DIRECTING DEFENSE COUNSEL TO CONTACT COURTROOM DEPUTY TO SCHEDULE A SETTLEMENT CONFERENCE**<br><br>10-Day Deadline |

Plaintiff William Tanielian is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.     INTRODUCTION**

On December 31, 2025, following screening of the operative first amended complaint, the Court issued its Order Finding Service Appropriate. (Doc. 18.) Subsequently, a notice of intent to waive (Doc. 20) and waiver of service (Doc. 21) concerning Defendant Guerrero were filed. Guerrero's responsive pleading is to be filed no later than March 9, 2026.

On March 4, 2026, Defendant filed a Motion to Temporarily Stay Deadline for Responsive Pleading. (Doc. 23.) The Court finds a response by Plaintiff to be unnecessary.

## II.    DISCUSSION

Defendant moves the Court for a limited stay of the responsive pleading deadline to facilitate a potential early settlement of this action. According to representations set forth in Defendant's motion, defense counsel spoke with Plaintiff by telephone on February 27, 2026, in part to explore the possibility of early settlement. Plaintiff expressed an interest in resolving the case early and indicated to defense counsel he would not oppose a motion to stay the deadline for filing a responsive pleading. Defendant requests the Court set this matter for a settlement conference and stay the deadline for the filing of a responsive pleading until thirty days after the settlement conference in the event settlement is unsuccessful.

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

Here, Defendant seeks for a limited duration a stay of the deadline for filing a responsive pleading to allow the parties to participate in an early settlement conference; Plaintiff does not oppose the request. The requested stay in not indefinite in nature and the parties wish to explore the possibility of an early resolution of the action. *Clinton*, 520 U.S. at 706, 708; *Dependable Highway Exp., Inc.*, 498 F.3d at 1066-67. The motion will be granted and defense counsel will be directed to contact the undersigned's courtroom deputy to schedule a settlement conference.

## III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1. Defendant's motion for a stay of the deadline for the filing of a responsive pleading (Doc. 23) is **GRANTED**;

2. The deadline for the filing of a responsive pleading is **STAYED** pending the outcome of the settlement conference. Should the settlement conference prove unsuccessful,

Defendant **SHALL** file a responsive pleading **within 30 days** after the date the settlement conference is conducted; and

3. Defense counsel is **DIRECTED** to contact the undersigned's courtroom deputy via email at cboren@caed.uscourts.gov, **within ten (10) days** of the date of this Order, to schedule a settlement conference. Counsel shall obtain available dates and times and shall clear a date and time with the institution where Plaintiff is currently housed.

IT IS SO ORDERED.

Dated:   **March 5, 2026**

_____
UNITED STATES MAGISTRATE JUDGE